DANAHY, Judge.
Appellant challenges the revocation of his probation on the ground that the court failed to adequately afford him the opportunity to call witnesses in his own behalf.
Appellant’s probation officer filed an affidavit charging him with violation of three conditions of his probation which required him to (1) file monthly reports, (2) pay a monthly fee for supervision, and (3) remain at liberty without violating any law. Regarding the third condition, the affidavit alleged that appellant committed battery upon a police officer and resisted arrest with violence. Appellant pled not guilty to all charges.
When the time came for appellant to present his case at the revocation hearing, the three witnesses he had subpoenaed failed to appear. Appellant’s counsel requested the court to enforce the subpoenas. The trial judge declined to do so and, instead, asked appellant’s counsel to tell him what the witnesses would say. Counsel initially responded that he was unable to speculate as to the witnesses’ testimony because he had not spoken to them. When the judge repeated his request, counsel asserted that one witness would testify that appellant had filed his monthly report and the other witnesses would testify that no battery had occurred. The judge accepted counsel’s statement as though the witnesses were present and gave testimony as stated by counsel. The judge then went on to find that appellant had violated the conditions which required him to file monthly reports and live and remain at liberty without violating any law. The judge revoked appellant’s probation and sentenced him to two consecutive sentences on the two offenses for which he had been placed on probation.
Appellant contends that the trial judge violated appellant’s due process rights when he denied appellant the opportunity to present witnesses at the revocation hearing. We agree. A probationer has the right to a revocation hearing which affords minimal due process, including an opportunity for the probationer to have the compulsory process of the law to secure witnesses for his defense. Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). In this case appellant’s counsel requested the presence of the subpoenaed witnesses. Counsel also asserted that he was unprepared to proffer their testimony in their absence. Despite counsel’s request, the trial judge proceeded to a determination without affording the defendant an opportunity to fully present his defense to the charges. The judge’s failure to enforce the subpoenas deprived appellant of his due process right to have the compulsory process of the law to secure his witnesses.
We reverse the revocation of appellant’s probation and remand the case for further proceedings consistent with this opinion.
SCHEB, C. J., and SCHOONOVER, J., concur.